UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BARBARA PETROSKI and CATHY CAMDEN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> H&R BLOCK, INC., <br> H&R BLOCK ENTERPRISES LLC, <br> H&R BLOCK EASTERN ENTERPRISES, INC., and <br> DOES 1 through 50, <br><br> Defendants. | Case No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Barbara Petroski and Cathy Camden, individually and on behalf of all others similarly situated, by and through their counsel, for their Complaint against Defendants H&R Block, Inc., H&R Block Enterprises LLC, H&R Block Eastern Enterprises, Inc. and Does 1 through 50 (collectively referred to in this Complaint as "H&R Block") hereby state and allege as follows:

### INTRODUCTION

1. H&R Block's tax services segment is primarily engaged in providing tax return preparation and related services throughout the United States. H&R Block prepared in excess of 21 million tax returns in the United States in each of the last three years, which in each year accounted for approximately 16% of all individual tax returns filed in the United States. H&R Block generated over $8.7 billion in revenue from its tax services segment over the last three fiscal years.

2. It is estimated that H&R Block employs over 100,000 Tax Professionals each year to prepare tax returns for H&R Block clients. H&R Block's Tax Professionals perform most of their job duties during the period from January through April of each year, as that is the period of time when most of H&R Block's clients file their tax returns. H&R Block generally refers to the approximate fifteen week period between January 2 and April 16 as the tax season.

3. Plaintiffs Barbara Petroski and Cathy Camden were employed by H&R Block as Tax Professionals during the relevant time period identified in this Complaint. Like the estimated vast majority of H&R Block Tax Professionals, Plaintiffs prepared tax returns for H&R Block clients during consecutive tax seasons.

4. Pursuant to a company-wide policy and practice, H&R Block uniformly required Plaintiffs, and all other similarly situated Tax Professionals, to complete 24 hours of mandatory training after the completion of a tax season in order to be eligible to prepare tax returns for H&R Block clients during the next tax season. Because such training occurs during the existence of a continuing employment relationship and is mandatory, federal law mandates that H&R Block pay these employees at least minimum wage for these 24 hours of training. In willful disregard of federal law, H&R Block failed and refused to pay Plaintiffs and all other similarly situated Tax Professionals for these 24 hours of mandatory training between tax seasons.

5. H&R Block's systematic failure and refusal to pay Plaintiffs and all other similarly situated Tax Professionals for these 24 hours of mandatory training between tax seasons violates the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.* This lawsuit is brought as a collective action under the FLSA to recover unpaid wages owed to Plaintiffs and all other similarly situated H&R Block Tax Professionals.

## JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because H&R Block resides in this district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

8. Plaintiffs Barbara Petroski and Cathy Camden are residents of Columbia, Missouri and were employed by H&R Block as Tax Professionals. Plaintiffs bring these claims individually and on behalf of a class of all others similarly situated that were subjected to H&R Block's uniform policy and practice of requiring H&R Block Tax Professionals to complete 24 hours of unpaid, mandatory training after the completion of a tax season in order to be eligible to prepare tax returns for H&R Block clients during the next tax season. This class is comprised of those who were victimized by H&R Block's unlawful pay policy and practice within three years (plus any period of applicable tolling) of filing their written consents to become party plaintiffs. Plaintiffs Barbara Petroski and Cathy Camden have each executed a Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b), which are attached hereto as Exhibit A and incorporated herein by reference. The number and identity of other similarly situated H&R Block Tax Professionals can be determined from the records of H&R Block, and these individuals may easily and quickly be notified of the pendency of this action and their right to opt-in as a party plaintiff to this lawsuit.

9. Defendant H&R Block, Inc. is a Missouri corporation with its principal place of business in Kansas City, Missouri. H&R Block, Inc. may be served with the Complaint and Summons through its registered agent, CT Corporation System, 120 South Central Ave., Clayton, Missouri 63105.

10. Defendant H&R Block Enterprises LLC (f/k/a H&R Block Enterprise Services LLC) is a Missouri limited liability company with its principal place of business in Kansas City, Missouri. H&R Block Enterprises LLC may be served with the Complaint and Summons through its registered agent, CT Corporation System, 120 South Central Ave., Clayton, Missouri 63105.

11. Defendant H&R Block Eastern Enterprises, Inc. is a Missouri corporation with its principal place of business in Kansas City, Missouri. H&R Block Eastern Enterprises, Inc. may be served with the Complaint and Summons through its registered agent, CT Corporation System, 120 South Central Ave., Clayton, Missouri 63105.

12. Defendants Does 1-50 are other H&R Block-related business entities, affiliates, franchises and/or subsidiaries that employed (or jointly employed) one or more of the H&R Block Tax Professionals and/or were responsible in some way for the matters alleged herein and proximately caused Plaintiffs and other similarly situated Tax Professionals to be subject to the unlawful pay practice described in this Complaint. Plaintiffs do not know the true names of the Defendants sued herein as Does 1-50, and for that reason they are sued under fictitious names. Plaintiffs seek leave to amend this Complaint when the true names are known.

13. Upon information and belief, Defendants H&R Block, Inc., H&R Block Enterprises LLC, H&R Block Eastern Enterprises, Inc. and/or Does 1-50 (collectively referred to in this Complaint as "H&R Block") employed or were a jointly employer of Plaintiffs and/or the

4

other similarly situated H&R Block Tax Professionals described in this Complaint and/or were otherwise legally responsible in some way for the matters alleged herein and proximately caused Plaintiffs and other similarly situated Tax Professionals to be subject to the unlawful pay practice described in this Complaint.

## COUNT I
### Violation of the Fair Labor Standards Act – Federal Minimum Wage Provision
### (Brought Against Defendants by Plaintiffs Individually and on Behalf of All Others Similarly Situated)

14. Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 13 above.

15. At all times relevant herein, Plaintiffs and all others similarly situated have been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

16. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. H&R Block is subject to the minimum wage requirements of the FLSA because it is an enterprise engaged in commerce and/or its employees are engaged in commerce.

17. For several years prior to July 24, 2007, the federal minimum wage for covered, nonexempt employees was $5.15 per hour, which was increased to $5.85 per hour effective July 24, 2007; $6.55 per hour effective July 24, 2008; and $7.25 per hour effective July 24, 2009. Wages required by the FLSA are due on the regular payday for the pay period covered.

18. Plaintiffs and all other similarly situated H&R Block Tax Professionals are covered, nonexempt employees within the meaning of the FLSA. Accordingly, Plaintiffs and all other similarly situated H&R Block Tax Professionals must be paid minimum wage in

accordance with 29 U.S.C. § 206. Although the FLSA contains some exceptions (or exemptions) from the minimum wage requirement, none of these exceptions (or exemptions) applies here.

19. H&R Block failed to pay the federally required minimum wage to Plaintiffs and other similarly situated H&R Block Tax Professionals with respect to the 24 hours of mandatory training after the completion of a tax season in order to be eligible to prepare tax returns for H&R Block clients during the next tax season.

20. H&R Block's failure to pay Plaintiffs and other similarly situated H&R Block Tax Professionals any wage for these 24 hours of mandatory training violates the FLSA's minimum wage provision.

21. H&R Block's violation of the FLSA's minimum wage provision is the result of a uniform policy or practice of H&R Block to require H&R Block Tax Professionals to complete 24 hours of unpaid, mandatory training after the completion of a tax season in order to be eligible to prepare tax returns for H&R Block clients during the next tax season.

22. Plaintiffs and all other similarly situated H&R Block Tax Professionals are entitled to damages equal to at least the FLSA's minimum wage for these 24 hours of training because such training occurs during the existence of a continuing employment relationship and is mandatory.

23. H&R Block acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA. Accordingly, Plaintiffs and all other similarly situated H&R Block Tax Professionals are entitled to damages equal to the unpaid minimum wage associated with these 24 hours of training within three years (plus any period of applicable tolling) of filing their written consents to become party plaintiffs.

24. H&R Block has acted neither in good faith nor with reasonable grounds to believe that its actions or omissions were not a violation of the FLSA, and as a result, Plaintiffs and other similarly situated H&R Block Tax Professionals are also entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above. Alternatively, should the Court find that H&R Block acted in good faith in failing to pay minimum wage for these 24 hours of training, Plaintiffs and all other similarly situated H&R Block Tax Professionals are entitled to an award of prejudgment interest at the applicable legal rate.

25. As a result of the aforesaid willful violations of the FLSA's minimum wage provision, minimum wage compensation has been unlawfully withheld by H&R Block from Plaintiffs and all other similarly situated H&R Block Tax Professionals. Accordingly, H&R Block is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated H&R Block Tax Professionals, demand judgment against H&R Block and pray for (1) compensatory damages; (2) liquidated and other statutory damages; (3) attorneys' fees and costs as allowed by 29 U.S.C. § 216(b); (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request trial by jury on all issues triable by jury.

Dated: January 25, 2010          Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

/s/ George A. Hanson
George A. Hanson     MO Bar No. 43450
Todd M. McGuire      MO Bar No. 51361
Barrett J. Vahle     MO Bar No. 56674
460 Nichols Rd., Suite 200
Kansas City, MO 64112
Tel:   (816) 714-7100
Fax:   (816) 714-7101
hanson@stuevesiegel.com
mcguire@stuevesiegel.com
vahle@stuevesiegel.com

**LEAR WERTS LLP**
Bradford B. Lear     MO Bar No. 53204
Todd C. Werts        MO Bar No. 53288
2003 W. Broadway, Suite 107
Columbia, MO 65203
Tel:   (573) 875-1991
Fax:   (573) 875-1985
lear@learwerts.com
werts@learwerts.com

**ATTORNEYS FOR PLAINTIFFS**